EDWARD M. GREENWAY and others *vs.* CHARLES H. MEAD.

1. A *certiorari* bringing up an order of the court quashing an attachment, upon the ground that the order for it was improvidently made, without proof of the facts required by law, will be dismissed, unless it distinctly appears that there was an error in law; the court or judge in such cases being bound to determine the sufficiency of the proof in fact, this court will not review such decision.

2. The proof to justify an attachment under the supplement of 1855, must specify the particulars of the debt or demand; a certain sum due for money embezzled is not sufficient

*Certiorari* to the Circuit Court of the county of Hudson in a case of attachment.

Argued before Justices ELMER and HAINES.

*Ransom,* for plaintiffs in *certiorari.*

*Zabriskie,* for defendant.

The opinion of the court was delivered by

ELMER, J.    A *certiorari,* directed to the Circuit Court of the county of Hudson, brings up an order of that court quashing a writ of attachment, together with the writ and the proceedings thereon, and we are now asked to reverse that order, upon the ground that it was illegally made. It appears that the attachment was issued by virtue of an order of a commissioner under the supplement of 1855. At the return term, the order and attachment were set aside, upon the ground that the order was improvidently made without proof of the facts required by law.

The question arises upon these proceedings, whether this court can, upon *certiorari,* reverse an order of the court or judge setting an attachment aside, unless it distinctly appears that the decision was made upon some illegal ground. It is enacted, by the second section of the sup-

plementary attachment, act, that upon application to set aside the writ, the court or judge shall consider and determine the sufficiency in fact, as well as in law, of the proof upon which the order for issuing such writ was founded. No principle is better settled than that this court will not, upon a *certiorari*, review the decision of the inferior tribunal upon a question of fact. The judge of the Circuit Court, for anything that appears in this case, may have thought the witnesses not entitled to belief. If, as in his discretion he may, he had distinctly stated his decision as to what facts were proved, and his conclusion as to the law thereon arising, a legal question might have thus been presented for the decision of this court. As the case stands, the grounds upon which he proceeded do not appear, and no legal error is shown.

Upon looking into the affidavits produced to the commissioner, we are of opinion that if every fact stated in them was taken to be satisfactorily proved, the commissioner erred in making the order, and of course the court rightly set aside the writ. The only proof of the nature and particulars of the debt was an affidavit of one of the plaintiffs, that the defendant had been the book-keeper of the plaintiffs, a firm doing business in New York, up to a specified time, and was indebted to them for money embezzled by him from the funds of said firm, in a sum mentioned as near as he could ascertain; and the oath of another person, that he was the book-keeper of said firm, and had examined their books, and found that defendant had embezzled from the funds of said firm the same sum mentioned in plaintiffs' affidavit, which he concealed by false footings of the accounts and by false entries in the books of account. When the embezzlement took place, or whether cash was taken or securities, or in what way it was done, are not stated. This is entirely too vague to justify a special attachment, under an act requiring the nature and particulars of the debt to be proved before it issues. Special circumstances particularly set forth may,

perhaps, justify dispensing, in some cases, with specific dates and items; but, as a general rule, we think there must be a specification in the nature of a bill of particulars. This is not required by the original attachment act; but in the case of *Shadduck* v. *Marsh*, 1 *Zab.* 435, the court said the plaintiff might be called on to give a statement in the nature of a particular of the cause of action upon which a writ was founded, and required him within twenty days to deliver to the defendant, or his attorney, a bill of particulars of his demand, or a copy of the instrument of writing upon which the writ had been issued. In the case before us, if the plaintiff or his book-keeper could, with propriety, swear to a precise debt, they could have specified the time and manner of the embezzlement, if not with minute accuracy, at least in such a manner as to show the foundation of their belief, and so as to satisfy the commissioner and court that it was well-founded. The witness in these cases is not to swear to conclusions of law, but to state the facts. The writ must be dismissed with costs.